IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIFFANY VILLALOBOS;<br>      **Plaintiff,** | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL CASE NO. _____ |
| UNITED STATES OF AMERICA;<br>      **Defendant.** | §<br>§<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE COURT:**

Comes Now, Tiffany Villalobos ("Plaintiff"), and files this Original Petition complaining

of and against United States of America ("Defendant"), and would respectfully show the Court as

follows:

### I. DISCOVERY LEVEL

Plaintiff seeks monetary relief over $1,000,000.00 and a demand for judgment for all the

other relief to which Plaintiff deems herself entitled.

Plaintiff intends to conduct discovery in this matter under Level 3 of Texas Rule of Civil

Procedure 190.4.

### II. PARTIES

1.      Plaintiff Tiffany Villalobos is a resident of Harris County, Texas.

2.      Defendant United States of America owns the vehicle that was driven by one of its

employees. Defendant United States of America may be served with process via certified mail at

- - United States Attorney's Office; Alamdar S. Hamdani at 1000 Louisiana Street, Suite 2300,

Houston, Texas 77002 and via email USATXS.CivilNotice@usdoj.gov Service on Defendant is

hereby requested at this time.

### III. NOTICE

3.    On or about September 28, 2023, Plaintiff provided notice to Defendant United States of America of the claims herein sued upon by submitting a Standard Form 95 by Certified Mail Express Delivery to the United States by serving the United States Postal Service – Houston District Tort Claims office.  Said notice was received by the United States on or about December 8, 2023, and receipt of same has been acknowledged.  Pursuant to the Federal Tort Claims Act, Plaintiff files this suit after the expiration of six months of receipt of Plaintiff's notice.

### IV. JURISDICTION AND VENUE

4.    This Court has jurisdiction in this case pursuant to the Federal Tort Claims Act, Title 28, U.S.C. 2674 because the United States of America is a Defendant herein.

5.    Plaintiff's damages are in excess of the minimum jurisdictional limits of the Court.

6.    Venue of this case is proper in the Houston Division of the Southern District of Texas because the incident made the basis of this suit occurred in Harris County, Texas, located within the boundaries of the Houston Division of the Southern District of Texas.

### V. FACTUAL BACKGROUND

7.    The collision occurred on September 19, 2023, in Harris County, Texas.

8.    Defendant's employee, Kriston Walton, was operating a USPS mail truck (owned by the United States of America) while in the course and scope of his employment with Defendant United States of America.

9.    Plaintiff Tiffany Villalobos was the driver of a 2012 Toyota Highlander traveling northbound on Main Street. Defendant's employee was traveling on the lane to the right to

Ms. Villalobos when he changed lanes when unsafe and collided into Plaintiff's vehicle.

10.     As a result of the collision, Plaintiff sustained bodily injuries and damages.

## VI. CAUSES OF ACTION

11.     Plaintiff incorporates each and every allegation set forth in paragraph 7 – 10 as if set forth fully herein.

12.     At the time of the incident in question, Defendant's driver was operating his vehicle negligently.  Specifically, Defendant's driver had a duty to exercise ordinary care and operate his vehicle reasonably and prudently.  Mr. Walton breached that duty in one or more of the following respects:

    A.     In failing to change lanes when safe;

    B.     In being attentive;

    C.     In failing to keep a proper lookout;

    D.     In failing to timely apply his brakes;

    E.     In failing to take proper evasive action;

    F.     In failing to keep said vehicle under reasonable and proper control; and

    G.     In failing to obey the statutes of the State of Texas as they pertain to the operation of a motor vehicle.

13.     Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## VII. DAMAGES

14.     Because of the actions and conduct of Defendant set forth above, Plaintiff suffered bodily injuries and damages. By reason of those injuries and the damages flowing in law

therefrom, this suit is maintained.

15.     Because of the nature and severity of the injuries Plaintiff sustained, she has suffered

physical pain, mental anguish, physical impairment and disfigurement, and in reasonable

probability, will continue to suffer physical pain, mental anguish, physical impairment and

disfigurement into the future.

16.     The injuries sustained by Plaintiff have required medical treatment in the past and, in

reasonable probability, will require other and additional medical treatment in the future.

Charges incurred by Plaintiff for such medical treatment in the past and those which will

in reasonable probability be incurred in the future have been and will be reasonable charges

made necessary by the incident in question.

17.     As a direct and proximate result of the injuries, Plaintiff has a loss of wages in the past and

future. To compensate for this loss, she seeks recovery of past and future lost wages.

18.     As a proximate result of Defendant's negligence in causing the collision, Plaintiff's vehicle

was heavily damaged. Plaintiff hereby makes her claim for:

a.      The cost of repair to the vehicle;

b.      The diminished value of the vehicle; and

c.      The loss of use of the vehicle.

or, in the alternative, the fair market value of the vehicle, plus the loss of its use.

19.     Alternatively, if it is shown that Plaintiff prior to the occurrence had pre-existing medical,

physical and/or psychological conditions, she has sustained aggravation of such pre-

existing medical, physical and/or psychological conditions.  More particularly, if the

evidence demonstrates that prior to the occurrence in question Plaintiff had pre-existing

conditions, such conditions at the time of the occurrence were latent, controlled and/or non-

debilitating.

20. The occurrence and conduct of Defendant, by and through its employees, has aggravated and accelerated such conditions and/or made Plaintiff more vulnerable or predisposed to subsequent injury and to the effects of subsequent stressors and injuries. Further, as a consequence of Plaintiff's injuries caused by Defendant, Plaintiff has been made more vulnerable and pre-disposed to subsequent further injury, aggravation of the injuries resulting from the occurrence in question, and to the effects of subsequent stressors. She also has sustained additional mental anguish because of this increased vulnerability, which in reasonable probability she will experience for the remainder of her life.

## VIII. PRE-JUDGMENT INTEREST

Plaintiff would additionally say and show that she is entitled to recovery of pre-judgment interest in accordance with law and equity as part of her damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity under the applicable provisions of the laws of the State of Texas.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff recovers actual damages as specified above from Defendant, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully submitted,

LAW OFFICES OF DOMINGO GARCIA, L.L.P.

12929 Gulf Freeway
Houston, Texas 77034

Telephone: (713) 349-1500
Facsimile: (713) 432-7785

*/s/ Ebony Parks*
EBONY PARKS
State Bar No.: 24056857
Federal ID.: 3761830
eparks@millerweisbrod.com
**ATTORNEY FOR PLAINTIFF**